# UNITED STATES DISTRICT COURT
# FOR THE
# DISTRICT OF DELAWARE

| | |
|---|---|
| **CARMEN GRAY,** | Case No.: |
| Plaintiff, | |
| v. | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| **ENHANCED RESOURCE CENTERS,** | |
| Defendant. | **(Unlawful Debt Collections Practices)** |

## COMPLAINT

CARMEN GRAY ("Plaintiff"), by and through her attorneys, Kimmel & Silverman, P.C., alleges the following against ENHANCED RESOURCE CENTERS ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA").

## JURISDICTION AND VENUE

2. This Court's jurisdiction arises under 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. §

1331, which grants this Court original jurisdiction of all civil actions arising under the laws of the United States.  See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3. Defendant regularly conducts business in the State of Delaware; therefore personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in New Castle, Delaware 19720.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. Defendant is a corporation with its principal place of business located at 8014 Bayberry Road, Jacksonville, Florida 32256.

8. Defendant is a "debt collector" as that term is defined by 15 U.S.C. §1692 a(6), and sought to collect a debt from Plaintiff.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. Upon information and belief, at all times material hereto, Defendant contacted Plaintiff in an attempt to collect a consumer debt.

11. Beginning in or around July 2016 and continuing through August 2016, Defendant placed repeated harassing telephone calls to Plaintiff's cellular telephone in its attempts to collect an alleged Comcast cable debt that was incurred primarily for personal, family or household purposes.

12. Defendant's collectors called Plaintiff from telephone numbers including, but not limited to, (800) 725-6518. The undersigned has confirmed that this number belongs to Defendant.

13. Desiring to stop these repeated calls, Plaintiff spoke to Defendant in or around early August and requested that Defendant stop calling her.

14. Plaintiff also informed Defendant that she is disabled and living on a fixed income.

15. Once Defendant was informed that its calls were unwanted and to stop, there was no lawful purpose to making further calls, nor was there any good faith reason to place calls.

16. Defendant heard and acknowledged Plaintiff's request to stop calling by responding that they would mark the account as in dispute.

17. However, Defendant failed to restrict its calls from Plaintiff's cellular telephone number.

18. Defendant also failed to send Plaintiff a written notice of her rights to dispute the underlying debt.

19. Frustrated by Defendant's repeated calls, Plaintiff took action to block Defendant's number so that the calls would cease.

## COUNT I
## **DEFENDANT VIOLATED §§1692d and d(5) OF THE FDCPA**

20. A debt collector violates § 1692d by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

21. A debt collector violates § 1692d(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

22. Defendant violated §§ 1692d and d(5) when it placed repeated and continuous harassing telephone calls to Plaintiff even though Plaintiff told Defendant to stop calling her in or around early August.

## COUNT III
## **DEFENDANT VIOLATED §1692g OF THE FDCPA**

23. A debt collector violates §1692g if within five days after initial communication with a consumer, the debt collector fails to send the consumer a written notice containing (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within thirty

days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

24.   Defendant violated §1692g by failing to send written notification, within five (5) days after its initial communication with Plaintiff, advising her of her rights to dispute the debt or request verification of the debt.

WHEREFORE, Plaintiff, CARMEN GRAY, respectfully prays for judgment as follows:

    a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs, pursuant to 15 U.S.C. § 1693k(a)(3);

    d. Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

    PLEASE TAKE NOTICE that Plaintiff, CARMEN GRAY, demands a jury trial in this case.

                                              Respectfully submitted,

Dated: May 23, 2017            By:*/s/ W. Christopher Componovo*__
                                             W. Christopher Componovo
                                             Attorney ID #3234
                                             Kimmel & Silverman, P.C.
                                             Silverside Carr Executive Center
                                             Suite 118, 501 Silverside Road
                                             Wilmington, DE 19809
                                             Phone: (302) 791-9373
                                             Facsimile: (302) 791-9476